IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDY MAGUIRE, an individual, | NO. |
| Plaintiff, | COMPLAINT |
| v. | JURY DEMAND |
| ECO SCIENCE SOLUTIONS, INC., a Nevada corporation; GA-DU CORPORATION, a Nevada corporation; MICHAEL ROUNTREE, an individual; and L. JOHN LEWIS, an individual, | |
| Defendants. | |

Plaintiff Wendy Maguire, through her attorneys of record, Skellenger Bender, P.S., by way of Complaint against Defendants ECO SCIENCE SOLUTIONS, INC., GA-DU COPRORATION, MICHAEL ROUNTREE, and L. JOHN LEWIS (collectively, "Defendants"), alleges as follows:

I.  PARTIES

1. Plaintiff Wendy Maguire is, and at all times relevant to this Complaint was, a resident of King County, Washington.

COMPLAINT – 1

2. Defendant Eco Science Solutions, Inc. ("ESSI") is, and at all times relevant to this Complaint was, a Nevada for profit corporation, with its principal place of business in Hawaii, and actively engaged in and conducting business in Washington.

3. Defendant Ga-Du Corporation ("Ga-Du") is, and at all times relevant to this Complaint was, a Nevada for profit corporation, with its principal place of business in Salt Lake City, Utah, and actively engaged in and conducting business in Washington.

4. Defendant Michael Rountree is, and at all times relevant to this Complaint was, the Chief Operations Officer ("COO") of ESSI and oversees operations for ESSI's subsidiary, Ga-Du. Upon information and belief, Defendant Rountree is a resident of Orange County, California.

5. Defendant L. John Lewis is, and at all times relevant to this Complaint was, the Chief Executive Officer ("CEO") of ESSI's subsidiary, Ga-Du. Upon information and belief, Defendant Lewis is a resident of Salt Lake City, Utah.

## II. JURISDICTION & VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) over the subject matter of Mrs. Maguire's FLSA claim because this claim arises under federal law.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the subject matter of Mrs. Maguire's state law claims because they arise under the same case or controversy as Mrs. Maguire's federal claim.

8. This Court also has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) over the subject matter of Mrs. Maguire's claims because the Parties are diverse and Mrs. Maguire's claims for damage exceed $75,000.

COMPLAINT – 2

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2795911.docx

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 *et seq.* because the events giving rise to the claims asserted occurred in King County, Washington, which is within the Western District of Washington, at Seattle.

10. Mrs. Maguire respectfully demands a trial by jury for her claims, pursuant to LCR 38(b).

### III.   FACTS

11. In or about April 2017, Mrs. Maguire co-founded a bank, Ga-Du, with her colleague Andrew Tucker and invited in two additional partners, Defendant L. John Lewis and Dante Jones.

12. Several months later, in June 2017, ESSI acquired Ga-Du, and Ga-Du Corporation became a wholly owned subsidiary of ESSI.

13. As part of that acquisition, ESSI agreed to hire several members of the Ga-Du management team as employees of the new company, including Mrs. Maguire and Mr. Tucker.

14. On June 21, 2017, Ga-Du and ESSI executed an Employment Agreement with Mrs. Maguire for Mrs. Maguire to serve as Ga-Du's Vice President of Business Development.

15. Pursuant to that Agreement, Maguire would be entitled to an annual salary of $120,000, in addition to stock options and other benefits.

16. Since June 2017 and through the filing of this Complaint, Mrs. Maguire has worked on behalf of ESSI and Ga-Du to prepare various business plans for Ga-Du, generate business opportunities in the greater Seattle area for both Ga-Du and ESSI, and develop relationships with vendors and investors.

COMPLAINT – 3

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2795911.docx

17. As of the date of filing this Complaint, neither ESSI nor Ga-Du have paid Mrs. Maguire her wages and she has not received any portion of her accrued annual salary.

18. Mrs. Maguire made several requests to the management members of both ESSI and Ga-Du that she receive her salary, including but not limited to, on one occasion in April 2018, in which Mrs. Maguire submitted a written request to Defendant Michael Rountree (ESSI's COO), Gannon Giguiere (one of ESSI's owners), and Mr. Tucker, expressing that she would pursue legal action if they continued to withhold her salary.

19. Despite Mrs. Maguire's repeated requests for compensation, ESSI and Ga-Du have willfully refused to pay Mrs. Maguire the wages she has earned and is entitled to receive.

20. Upon information and belief, ESSI's COO and CEO, Defendants Michael Rountree and L. John Lewis were the individuals primarily responsible for deciding to withhold Mrs. Maguire's wages.

21. On August 15, 2018, Mrs. Maguire, by and through her undersigned counsel, wrote Defendants a Demand Letter, and provided Defendants with an early draft of this subject Complaint, demanding that she be paid her withheld wages and exemplary damages, so as to avoid litigation.

22. On August 24, 2018, Ga-Du's CEO, Defendant L. John Lewis, responded in writing that ESSI and Ga-Du would not timely pay Mrs. Maguire her wages, and that if Mrs. Maguire proceeded with a lawsuit against ESSI and Ga-Du, that the company would counterclaim against Mrs. Maguire for over $500,000 on legal claims that plainly lacked legal or factual merit.

COMPLAINT – 4

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2795911.docx

23. Upon information and belief, Defendant Lewis stated these "counterclaims" with the express purpose of intimidating Mrs. Maguire and discouraging her from pursuing her rights under state and federal wage law.

## IV.     FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA

24. Mrs. Maguire realleges paragraphs 1 through 23 as though fully restated herein.

25. Between June 2017 and present, Defendants ESSI, Ga-Du, Rountree, and Lewis have been employers of Mrs. Maguire under the FLSA.

26. Defendants agreed in June 2017 to pay Mrs. Maguire $120,000 a year for her employment as Ga-Du's Vice President of Business Development.

27. Defendants failed to pay Mrs. Maguire her wages for her work as an employee.

28. Defendants showed reckless disregard for the fact that their failure to pay Mrs. Maguire was in violation of the law.

29. Mrs. Maguire has been damaged as a result in an amount to be proven at trial and is also entitled to attorneys' fees and liquidated damages under the law.

## V.     SECOND CAUSE OF ACTION
## VIOLATION OF WASHINGTON MINIMUM WAGE AND WAGE REBATE ACTS

30. Mrs. Maguire realleges paragraphs 1 through 29 as though fully restated herein.

31. Between June 2017 and present, Mrs. Maguire has been employed by ESSI and Ga-Du, as defined under RCW chapter 49.46 (the Washington Minimum Wage Act or "MWA") and RCW chapter 49.52 (Washington's Wage Rebate Act).

COMPLAINT – 5

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2795911.docx

32. Defendants agreed in June 2017 to pay Mrs. Maguire $120,000 a year for her employment as Ga-Du's Vice President of Business Development.

33. Defendants violated RCW 49.46.020 by failing to pay Mrs. Maguire any wages for her work as Ga-Du's Vice President of Business Development between June 2017 and present.

34. Defendant Michael Rountree was an officer, and/or agent of ESSI and/or Ga-Du and individually participated in the decision to withhold Mrs. Maguire's wages.

35. Defendants' violations of RCW chapters 49.46 and 49.52 were willful and made with the intent to deprive Mrs. Maguire of wages and thus give rise to exemplary damages under RCW 49.52.050 and RCW 49.52.070.

36. Mrs. Maguire has been damaged as a result in an amount to be proven at trial and is also entitled to attorneys' fees and exemplary damages under the law.

## VI.  THIRD CAUSE OF ACTION
## UNLAWFUL RETALIATION

37. Mrs. Maguire realleges paragraphs 1 through 36 as though fully restated herein.

38. Mrs. Maguire attempted to exercise her rights under the FLSA and Washington's Minimum Wage and Wage Rebate Acts in August 2018, by advising ESSI and Ga-Du of her intention to bring a claim to recover the withheld wages.

39. Defendant Lewis retaliated against Mrs. Maguire by attempting to intimidate Mrs. Maguire with $500,000 of legally and factually specious "counterclaims," in violation of Section 15(a)(3) of the FLSA and RCW 51.48.025.

40. As a result of Defendant Lewis's unlawful conduct, Mrs. Maguire has been damaged in an amount to be proven at trial.

COMPLAINT – 6

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2795911.docx

### VII.   FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT

41. Mrs. Maguire realleges paragraphs 1 through 40 as though fully restated herein.

42. Mrs. Maguire executed an enforceable employment agreement with Ga-Du and its parent company, ESSI, in June 2017.

43. Under the agreement, Ga-Du and ESSI promised to pay Mrs. Maguire an annual salary of $120,000 in exchange for her employment as Ga-Du's Vice President of Business Development.

44. Ga-Du and ESSI's actions amount to a breach of contract.

45. Mrs. Maguire has been damaged in an amount to be proven at trial.

### VIII.   FIFTH CAUSE OF ACTION
### IN THE ALTERNATIVE – UNJUST ENRICHMENT

46. Mrs. Maguire realleges paragraphs 1 through 45 as though fully restated herein.

47. Should the Court deny Mrs. Maguire's other claims for withheld wages and compensation, she is entitled to relief for unjust enrichment/quantum meruit against Defendants ESSI and Ga-Du.

48. ESSI and Ga-Du received a benefit.

49. ESSI and Ga-Du received the benefit at Mrs. Maguire's expense.

50. The circumstances make it unjust for Defendants ESSI and Ga-Du to retain the benefit without payment.

51. Mrs. Maguire has been damaged as a result of ESSI and Ga-Du's receipt of the benefit of her work without compensation in an amount to be proven at trial.

COMPLAINT – 7

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2795911.docx

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wendy Maguire prays for relief against Defendants as follows:

1. Enter judgment in favor of Mrs. Maguire, and against Defendants, in an amount to be proven at trial or other hearing;

2. Enter an Order that Defendants' conduct in failing to pay Mrs. Maguire was willful;

3. Award her reasonable attorneys' fees and expenses of litigation;

4. Award her exemplary damages as permitted by law;

5. Award her prejudgment interest;

6. Award her injunctive relief, prohibiting Defendants from retaliating against Mrs. Maguire;

7. Permit her to amend her Complaint to conform to proof discovered prior to or offered at the time of trial or other hearing; and

8. For such further and additional relief as the Court deems just and equitable.

Dated this 31st day of August, 2018.

    s/Rochelle Y. Nelson
Rochelle Y. Nelson, WSBA #48175
Alan D. Schuchman, WSBA #45979
SKELLENGER BENDER, P.S.
1301 – 5th Avenue, Ste. 3401
Seattle, WA 98101-2605
Telephone:  206-623-6501
Facsimile:  206-447-1973
rnelson@skellengerbender.com
aschuchman@skellengerbender.com
Attorneys for Plaintiff Wendy Maguire

COMPLAINT – 8

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2795911.docx