UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDY MAGUIRE,

    Plaintiff,

v.

ECO SCIENCE SOLUTIONS, INC., *et al.*,

    Defendants.

NO. C18-1301RSL

ORDER GRANTING IN PART
DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on "Defendants' Motion for Partial Summary Judgment (Breach of Contract and Unlawful Retaliation)." Dkt. # 29. Defendants Michael Rountree and L. John Lewis seek a summary determination they are not liable under a breach of contract theory, and defendants Ga-Du Corporation and Lewis seek dismissal of plaintiff's state and federal retaliation claims.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 1

party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Colony Cove Props., LLC v. City of Carson, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. Singh v. Am. Honda Fin. Corp., 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

## BACKGROUND

On June 21, 2017, plaintiff and Ga-Du, a wholly-owned subsidiary of defendant Eco Science Solutions, Inc. ("ESSI"), entered into an Employment Agreement as part of ESSI's acquisition of Ga-Du. Plaintiff was promised a base salary of $120,000 per year, which was

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2

never paid. The Court has already determined that the employer defendants are liable for this breach of contract.

On April 29, 2018, plaintiff requested payment of all accrued compensation and $10,000 per month going forward. Dkt. # 15-10 at 2. In August 2018, plaintiff had her lawyers deliver a demand letter to Rountree, attaching a proposed complaint for breach of contract and statutory wage violations. Dkt. # 30-2 at 2-5. That letter prompted a response from defendant Lewis, wherein he asserted that plaintiff had failed to devote adequate time and effort to ESSI's business interests, had engaged in competing activities, had disparaged the company, and had agreed that her salary could be accrued and deferred. Dkt. # 30-3 at 2-3. Lewis offered to settle the dispute by paying "the accrued sums to your client at such time as [ESSI] receives money to enable it to pay the accruals to all employees" and threatened to assert counterclaims seeking in excess of $500,000 if the matter were not settled. Dkt. # 30-3 at 3 and 19. Plaintiff filed her complaint on August 31, 2018. The threatened counterclaim was not included in defendants' answer.

Following the initiation of this lawsuit, Rountree and plaintiff were discussing business development opportunities for Ga-Du and ESSI, and ESSI authorized plaintiff "to move forward in revenue generation for the states of Oregon and Washington . . . ." Dkt. # 15-11 at 5 and 9. Not everyone thought this was a wise move, however, given plaintiff's pending claims for hundreds of thousands of dollars against both the company and individual corporate officers. Dkt. # 15-11 at 9 and Dkt. # 15-12 at 2-3. When Lewis was told that plaintiff had been authorized to continue her marketing efforts, he responded:

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 3

> As to Wendy, we are in a lawsuit and putting her back in a position where she can say she is tasked to do something is not something legal counsel thinks is wise. From a personal point of view I'm not going to coordinate with someone who has sued me personally and be in fear that I give her, or her lawyers, more ammunition.

Dkt. # 15-12 at 2-3. Within weeks, plaintiff was told to vacate her office. Dkt. # 15-12 at 2. She requested clarification as to whether she should discontinue the work she had started in Oregon and Washington. After consulting with Lewis, Rountree responded that ESSI was not aware of any work she was doing for the company, that she had repeatedly indicated that she worked for a third-party consultant, and that any future communications would go through the parties' attorneys. Dkt. # 14-3 at 2 and Dkt. # 15-12 at 2. On December 12, 2018, plaintiff provided written notice of her resignation as VP of Business Development for Ga-Du. Dkt. # 15-13 at 2.

## DISCUSSION

**A. Breach of Contract**

On August 22, 2019, the Court found that defendants ESSI and/or its wholly-owned subsidiary Ga-Du breached plaintiff's Employment Agreement and are liable for compensatory damages thereunder. Rountree and Lewis were not parties to that contract, and plaintiff offers no theory under which they could be held liable for the employer's failure to satisfy its contractual obligations. The individual defendants' motion for summary judgment on the breach of contract claim is therefore GRANTED.[2]

---

[2] Defendants have not sought dismissal of the statutory wage claims asserted against the individual defendants, and the Court has not considered the viability of those claims in the context of this motion.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 4

**B. Retaliation Claims**

Federal and state law prohibit retaliation against employees who seek payment of wages owed. See 29 U.S.C. § 215(a)(3) (it shall be unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter"); RCW 51.48.025 (prohibiting retaliation "because such employee has filed or communicated an intent to file a claim for compensation"). Defendants acknowledge that plaintiff engaged in protected activity by demanding payment of her salary and threatening to file a lawsuit. They argue, however, that she suffered no adverse employment action as a result of Lewis' unfulfilled threat to file a counterclaim against her.

Plaintiff recently amended her complaint to allege that defendants retaliated against her not only by threatening to file a counterclaim, but also by ejecting plaintiff from her office and refusing to talk to or work with her, effectively terminating her employment. Dkt. # 54 at ¶ 57. There is evidence from which a reasonable jury could conclude that these actions were adverse and that plaintiff's lawsuit was causally related to the order to vacate her office and the individual defendants' unwillingness to work with plaintiff (Lewis as much as said so at the time). Lewis argues, however, that he cannot be held liable under the Fair Labor Standards Act ("FLSA") because he lacked sufficient "control over the nature and structure of the employment relationship" with plaintiff to give rise to personal liability. The evidence shows, however, that when the officers of ESSI wanted to engage plaintiff in new marketing efforts, Lewis voiced his disagreement with that decision and his personal unwillingness to work with plaintiff in the future. The trappings of her employment were thereafter revoked. Lewis' level of control for

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 5

purposes of the FLSA is a disputed issue of fact for the jury to decide.

Lewis' argument regarding the state law retaliation claim is unclear. He asserts that plaintiff failed to show that a claim under RCW 51.48.025 can be asserted against anyone other than the employer. Dkt. # 47 at 4. Lewis did not raise that argument in his motion, however, instead arguing only that a threatened counterclaim is insufficient to support a state law retaliation claim against either Lewis or Ga-Du. Dkt. # 29 at 8-9. In reply, defendants provide no case law or other authority in support of their assertion that a retaliation claim under RCW 51.48.025 lies solely against the employer and not against an individual who controls the retaliatory conduct. Defendants have not shown that they are entitled to judgment as a matter of law on this claim.

For all of the foregoing reasons, defendants' motion for partial summary judgment (Dkt. # 29) is GRANTED as to the breach of contract claim asserted against Rountree and Lewis and DENIED as to the retaliation claim asserted against Lewis and Ga-Du.

Dated this 25th day of November, 2019.

Robert S. Lasnik
United States District Judge