UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDY MAGUIRE,

    Plaintiff,

v.

ECO SCIENCE SOLUTIONS, INC., *et al.*,

    Defendants.

NO. C18-1301RSL

ORDER DENYING MOTION FOR RECONSIDERATION

On November 25, 2019, the Court denied defendants' motion for summary judgment on plaintiff's claim for unlawful retaliation under RCW 51.48.025, stating:

> [Defendant L. John] Lewis' argument regarding the state law retaliation claim is unclear. He asserts that plaintiff failed to show that a claim under RCW 51.48.025 can be asserted against anyone other than the employer. Dkt. # 47 at 4. Lewis did not raise that argument in his motion, however, instead arguing only that a threatened counterclaim is insufficient to support a state law retaliation claim against either Lewis or Ga-Du. Dkt. # 29 at 8-9. In reply, defendants provide no case law or other authority in support of their assertion that a retaliation claim under RCW 51.48.025 lies solely against the employer and not against an individual who controls the retaliatory conduct. Defendants have not shown that they are entitled to judgment as a matter of law on this claim.

Dkt. # 59 at 6. Lewis filed a timely motion for reconsideration arguing that the Court's refusal to

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

dismiss the state law retaliation claim on the ground that plaintiff does not have a claim under RCW 51.48.025 because she was not pursuing workers compensation benefits was manifest error.

Motions for reconsideration are disfavored in this district and will be granted only upon a showing of "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Lewis does not identify any error in the Court's analysis. Rather, he argues that the Court should have dismissed plaintiff's state law retaliation claim on grounds that he did not raise in his motion (or even in his reply). Unless the Court's subject matter jurisdiction is at issue, the Court generally confines its analysis to arguments raised by the parties, trusting in our adversarial system to bring to the fore the relevant facts and law necessary for adjudication. See Sanchez-Llamas v. Oregon, 548 U.S. 331, 356 (2006) (noting that our adversarial system "relies chiefly on the *parties* to raise significant issues and present them to the courts in the appropriate manner at the appropriate time for adjudication") (emphasis in original); Castro v. U.S., 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in judgment) ("Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief."). Given the underlying briefing, the Court's failure to sua sponte consider whether a claim of retaliation under the worker's compensation statute is viable absent a claim for the benefits provided by that statute was not error, much less manifest error. This issue could have and should have been brought to the Court's attention in the underlying motion: a motion for reconsideration is not the proper avenue through which to raise a dispositive issue in the first instance.

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

For all of the foregoing reasons, Lewis' motion for reconsideration (Dkt. # 61) is DENIED. The dispositive motion deadline in this case is set for January 7, 2020. Lewis therefore has ample time in which to file a properly noted and supported motion regarding the viability of the state law retaliation claim.

Dated this 12th day of December, 2019.

*[signature: Robert S. Lasnik]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 3