UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDY MAGUIRE,

    Plaintiff,

    v.

ECO SCIENCE SOLUTIONS, INC., *et al.*,

    Defendants.

NO. C18-1301RSL

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT

This matter comes before the Court on "Plaintiff's Motion for Entry of Partial Final Judgment" under Federal Rule of Civil Procedure 54. Dkt. # 45.[1] On August 22, 2019, the Court granted in part plaintiff's motion for summary judgment, finding that (1) defendant Eco Science Solutions, Inc., ("ESSI") and/or its wholly-owned subsidiary, Ga-Du Corporation, had breached the salary provisions of plaintiff's employment agreement and that plaintiff was entitled to compensatory damages, including the promised salary of $240,000 and (2) the corporate defendants - and any officer, vice principal, or agent involved in the decision - willfully withheld payment of plaintiff's accrued and unpaid salary for purposes of RCW 49.52.070, thereby triggering the statute's double damages and attorney's fee provisions. In making these findings, the Court declined to decide whether plaintiff had a duty to mitigate in the circumstances

---

[1] The Court has considered defendants' response. Their belated motion for a one day extension of time (Dkt. # 51) is GRANTED.

ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL JUDGMENT - 1

presented here or which officers, vice principals, or agents were involved in the decision to withhold wages. Notwithstanding these open issues, plaintiff moves for entry of partial judgment holding ESSI, Ga-Du-Corporation, Michael Rountree, and L. John Lewis jointly and severally liable for $240,000 in wages owed, $240,000 in exemplary damages, attorney's fees, and prejudgment interest.

There are, as the above recitation shows, open issues which preclude entry of the judgment plaintiff seeks. The Court declines to resolve the mitigation and individual liability issues in the context of this motion. In addition, plaintiff seeks other forms of damages arising from the breach of her employment agreement, specifically reserving the right to prove consequential damages at trial. Dkt. # 13 at 18 n.4. Entry of partial judgment under Rule 54(b) is not appropriate in these circumstances. The rule provides that "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Supreme Court has established a framework for applying this rule. The district court must first determine that it has rendered a "final judgment," meaning a judgment that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). Whether a judgment is final turns, in part, on whether the claim is ready for appeal, taking into consideration the judicial administrative interests in avoiding piecemeal appeals. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 877-79 (9th Cir. 2005). If final judgment has been rendered on a claim, the district court then determines whether there is any just reason for delay.

ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL JUDGMENT - 2

Plaintiff cannot clear the "final judgment" hurdle. Her outstanding demand for other forms of damages arising from the breach of her employment contract must be resolved before the breach of contract claim is finally resolved and ripe for appeal. In addition, plaintiff has identified other individuals whom she believes were involved in the decision to withhold her wages. Entering judgment at this stage for only some damages and against only some defendants would almost assuredly result in multiple appeals of the same claim.

For all of the foregoing reasons, plaintiff's motion for entry of partial judgment (Dkt. # 45) is DENIED. Although defendants appear willing to accept entry of partial judgment against them for the $47,010.50 in fees and costs plaintiff claimed in this motion, those fees will undoubtedly go up as plaintiff litigates the mitigation, consequential damages, and individual liability issues. Defendants cannot forestall entry of judgment on the underlying claim while cutting off the fees associated with litigating the claim to completion.

Defendants' request for a one day extension in which to file their response (Dkt. # 51) is GRANTED.

Dated this 6th day of February, 2020.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL JUDGMENT - 3