UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDY MAGUIRE,

    Plaintiff,

v.

ECO SCIENCE SOLUTIONS, INC., *et al.*,

    Defendants.

NO. C18-1301RSL

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON MITIGATION DEFENSE

This matter comes before the Court on "Plaintiff Wendy Maguire's Motion for Partial Summary Judgment on Defendants' Failure to Mitigate Defense." Dkt. # 65. This motion is not, as defendants would have it, an untimely motion for reconsideration. Rather, plaintiff seeks judgment at the close of discovery because defendants cannot provide facts or law that would support the mitigation defense in the context of a contractual wage claim like hers. Plaintiff is correct.

Defendants assert that plaintiff failed to mitigate her damages when she continued working for Ga-Du knowing she would not be paid until certain financial benchmarks were hit. Although a breach of contract claim is generally subject to a duty to mitigate, where the claim is for amounts due and owing under a contract of employment, the Court finds that the equitable considerations that prompted the imposition of a duty to mitigate do not apply. See 81 A.L.R. 282 ("[T]he rigid, positive principles which govern the right of action are tempered by equitable

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1

considerations applicable in the assessment of damages."). In the circumstances presented here - where the wages sought were due and owing at the time of termination - there is no equitable reason to impose on the employee a duty to quit earlier in order to lessen the wages the employer ultimately has to pay.

Even if the duty applies, defendants have not identified what plaintiff should have done to lessen their contractual liability. Pursuant to her contract, plaintiff would be entitled to two years' salary upon termination of her employment without cause if the termination occurred at any point during the first two years, regardless of the exact date of the termination. Dkt. # 15-1 at ¶¶ 1, 3, and 9. Thus, had plaintiff refused to work for Ga-Du as soon as she realized that she would not be paid, the constructive discharge would still have triggered the contractual obligation to pay $240,000. Having failed to identify reasonable means by which plaintiff could have mitigated the contractual wages owed in this case, defendants have failed to raise a genuine issue of material fact regarding their mitigation defense as to those damages.

For all of the foregoing reasons, plaintiff's motion for partial summary judgment regarding the mitigation defense (Dkt. # 65) is GRANTED. Defendants' affirmative defense of failure to mitigate does not reduce the amount of wages due and owing to plaintiff at the time of her termination or the related exemplary damages.

Dated this 15th day of April, 2020.

                                                            *Robert S. Lasnik* (signature)
                                                            Robert S. Lasnik
                                                            United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT  - 2