UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDY MAGUIRE,<br><br>        Plaintiff,<br><br>    v.<br><br>ECO SCIENCE SOLUTIONS, INC., *et al.*,<br><br>        Defendants. | NO. C18-1301RSL<br><br>ORDER REGARDING PERSONAL LIABILITY OF DEFENDANTS ROUNTREE AND LEWIS |

On August 22, 2019, the Court granted in part plaintiff's motion for summary judgment on her state law wage claim, finding that any officer, vice principal, or agent of ESSI and/or its wholly-owned subsidiary Ga-Du who was involved in the decision not to pay the wages owed plaintiff under her Employment Agreement would be personally liable for wages owed, exemplary damages, and attorney's fees under Washington's Wage Rebate Act. Dkt. # 32 at 13. The Court declined to determine whether the individual defendants, Chief Operating Officer of ESSI Michael Rountree and Chief Executive Officer of Ga-Du L. John Lewis, fell into that category. Following the close of discovery, the parties filed cross-motions for summary judgment on that issue. Dkt. # 66 and Dkt. # 69. In addition, Lewis seeks summary judgment on plaintiff's state and federal retaliation claims. Dkt. # 69.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of

ORDER REGARDING PERSONAL LIABILITY - 1

judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQMN. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to the non-moving party, the Court finds as follows:

---

[1] This matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

ORDER REGARDING PERSONAL LIABILITY - 2

# BACKGROUND

On June 21, 2017, plaintiff and Ga-Du Corporation, a wholly-owned subsidiary of defendant Eco Science Solutions, Inc. ("ESSI"), entered into an Employment Agreement as part of ESSI's acquisition of Ga-Du. Plaintiff assumed the role of Vice President of Business Development, and ESSI agreed to pay her a base salary of $120,000 per year, plus stock options and benefits. Dkt. # 15-1 at ¶ 3. If the employment terminated without cause, ESSI agreed to pay all "accrued and unpaid Salary" plus a "lump sum in cash equal to the total remaining Salary of the full Employment Term due under this agreement." *Id.* The "Term" of plaintiff's employment was to be two years. *Id.* at ¶ 1.

On June 22, 2017, ESSI made clear that neither it nor Ga-Du had the money to pay the promised salaries and that those who had been given contracts would have to agree to defer receipt of compensation until ESSI was able to resume public trading and/or the company was otherwise generating revenues sufficient to satisfy its wage obligations. Dkt. # 19 at ¶ 6. At first, plaintiff agreed to this arrangement. Id. As the months dragged by with no remuneration, however, plaintiff began requesting payment of the compensation accrued to date and $10,000 per month going forward. Dkt. # 15-10 at 2; Dkt. # 18-1 at 4-7; Dkt. # 68-3 at 2-5. Both Rountree and Lewis received requests of this nature. *Id.* No payments were made. Rountree and Lewis believed plaintiff's requests were premature, if not improper, in light of her earlier agreement to accrue wages. Rountree was satisfied that the monthly salary obligation was being tracked as a payable on the corporate books and told plaintiff that her financial condition was not his issue. Dkt. # 68-2 at 25 and 27.

In August 2018, plaintiff, through her lawyers, sent a demand letter to Rountree, attaching a proposed complaint for breach of contract and statutory wage violations. Dkt. # 18-1 at 4-7.

ORDER REGARDING PERSONAL LIABILITY - 3

Lewis drafted a response and sent it to Rountree for review. The letter rejected plaintiff's demand for payment of her salary, offering instead ESSI's continuing promise to pay the accrued sums once ESSI had enough money to pay all of the deferred compensation owed its employees. Dkt. # 18-1 at 9-10. The letter threatened to assert counterclaims if the parties were unable to arrive at a settlement and litigation ensued. Dkt. # 18-1 at 10. Plaintiff filed her complaint on August 31, 2019, asserting wage claims under the Fair Labor Standards Act ("FLSA"), the Washington Minimum Wage Act, and the Washington Wage Rebate Act ("WRA") as well as retaliation claims against Lewis under RCW 51.48.025 and the FLSA.

Other individuals within ESSI, particularly Don and Jeffrey Taylor, ESSI's Chief Financial Officer and Chief Executive Officer respectively, continued to communicate with plaintiff regarding business development opportunities for the company. Lewis objected to continuing the relationship given plaintiff's pending claims for hundreds of thousands of dollars against both the company and individual corporate officers. Dkt. # 15-12 at 2-3. He advised the Taylors against doing anything that gave the impression that plaintiff was still working for ESSI and noted that he would not coordinate with her. *Id.* After consulting with Lewis, Rountree notified plaintiff that ESSI was not aware of any work she was doing for the company and that any future communications would have to go through the parties' attorneys. Dkt. # 14-3 at 2 and Dkt. # 15-12 at 2.

On December 12, 2018, plaintiff provided written notice of her resignation as Vice President of Business Development for Ga-Du. Dkt. # 15-13 at 2.

## DISCUSSION

**A. Individual Liability Under the WRA**

The Court previously found that plaintiff's Employment Agreement contained a valid

ORDER REGARDING PERSONAL LIABILITY - 4

promise to pay plaintiff $120,000 per year for two years unless she were terminated for cause, that plaintiff's employment was not terminated for cause, that the employer breached the salary provisions of plaintiff's contract, that plaintiff was constructively discharged, and that plaintiff was under no duty to mitigate the amount of wages due and owing at the time of her constructive discharge. Dkt. # 32 and # 86. The primary question raised by the parties' cross-motions is whether Rountree and Lewis are individually liable for the unpaid wages, exemplary damages, and attorney's fees under the WRA.[2]

Under Washington law, the employer and any "officer, vice principal or agent of any employer . . . who . . . [w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" "shall be liable in a civil action by the aggrieved employee . . . for twice the amount of the wages unlawfully . . . withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees . . . ." RCW 49.52.050 and RCW 49.52.070.[3] Taking the facts in the light most favorable to defendants, there are no genuine issues of disputed fact regarding (1) Rountree's and Lewis' positions as officers, vice principals, and/or agents of plaintiff's employer or (2) their personal involvement in the decision to deny plaintiff's requests for payment of the salary to which she was entitled under her contract.

---

[2] The Court declined to reach this issue in ruling on plaintiff's initial motion for partial summary judgment regarding the wage claim. Defendants are not barred from contesting their personal liability here.

[3] The WRA also contains a proviso that bars suit by any employee who has "knowingly submitted" to the withholding of wages. The Court has already determined that, once plaintiff opposed the nonpayment of her wages, the "knowingly submitted" proviso no longer shielded defendants from liability under the WRA.

ORDER REGARDING PERSONAL LIABILITY - 5

Defendants argue that they cannot be held liable under the WRA because they did not have "control" over the payment of wages, as shown by the facts that they themselves were not receiving their contracted salaries and that only Don and Jeffrey Taylor had the ability to access funds to pay bills or salaries on behalf of ESSI.[4] Defendants rely heavily on *Ellerman v. Centerpoint Prepress, Inc.*, 143 Wn.2d 514 (2001), but the Washington Supreme Court has made clear that *Ellerman* exempts from liability low-level managers and supervisors who, while technically falling within the terms "vice principal" or "agent," do not have sufficient control over the payment of wages to be held liable under the WRA. *Allen v. Dameron*, 187 Wn.2d 692, 706-07 (2017). Rountree and Lewis, on the other hand, are executive officers of the employing entities who personally decided how to respond to plaintiff's salary requests. In the language of the statute, they "[w]ilfully and with intent to deprive the employee of" her wages denied her various requests and demands. Even if the Court assumes that other corporate officers played a role in the failure to pay wages,[5] that fact would not absolve Rountree and/or Lewis of liability for their role in the deprivation.

Rountree's and Lewis' general fairness argument is not persuasive. The fact that they knowingly submitted to the withholding of their salaries in no way precludes plaintiff from asserting her contractual and statutory rights to payment. Nor is the imposition of personal

---

[4] In opposing plaintiff's motion for summary judgment, Rountree and Lewis also argue that they are not an "employer" under the FLSA. Plaintiff has not sought summary judgment on her FLSA claim, however. Because liability under the WRA can be determined without reference to the FLSA or its definition of "employer," the Court need not reach this issue of federal law.

[5] The Court expresses no opinion regarding the potential liability of Don and Jeffrey Taylor under the WRA. There is no indication that Rountree or Lewis elevated plaintiff's demand for wages to ESSI's CEO or CFO. Even if the Taylors were the only ones capable of actually paying the wages owed, Rountree and Lewis took it upon themselves to refuse plaintiff's demands outright, for which Washington law makes them personally liable.

ORDER REGARDING PERSONAL LIABILITY - 6

liability for the debts of the employer unfair in these circumstances. In enacting the WRA, the Washington legislature intended to use the threat of personal liability to ensure that corporate officers and agents prioritized the payment of wages:

> There are many examples that highlight the need for such risk of personal liability. The officers decide whether to pay one debt over another (*e.g.*, wages). The officers have the choice to file bankruptcy or, say, close the business and pay its debts (including wages). The officers decide whether to continue running an inadequately capitalized corporation while hoping for a change in financial position. In other words, the officers control the choices over how the corporation's money is used, and (in cases of unpaid wage claims) RCW 49.52.070 imposes personal liability when the officers choose not to pay wages owed. Such a choice is willful and intentional.

*Morgan v. Kingen*, 166 Wn.2d 526, 536-37 (2009). Because Rountree and Lewis made the choice to continue withholding plaintiff's salary even after she demanded payment, the imposition of personal liability is not unfair.

**B. Retaliation**

Defendant Lewis seeks summary judgment regarding plaintiff's state and federal retaliation claims. He correctly points out that plaintiff's Third Cause of Action alleges retaliation in violation of RCW 51.48.025 (Dkt. # 54 at ¶ 56) and that plaintiff has not shown that she "has filed or communicated to the employer an intent to file a claim for compensation . . . under this title," namely Title 51, the Industrial Insurance statute. Plaintiff calls this defect a "technicality" (Dkt. # 79 at 20), arguing that the Court should ignore the "under this title" language because retaliation is also barred by RCW 49.46.100(2) and the common law tort of wrongful discharge against public policy. Plaintiff has not, however, alleged such a cause of action and cannot amend her complaint simply by making an argument in opposition to a motion

ORDER REGARDING PERSONAL LIABILITY - 7

for summary judgment.[6]

With regards to plaintiff's retaliation claim under the FLSA, 29 U.S.C. § 215(a)(3) makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." "Person" is defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). Although the statute explicitly bars all "persons," without limitation, from retaliating against employees who seek wages under the FLSA, when faced with a claim of retaliation against an employer's executive officers, the Ninth Circuit analyzed whether the officers could be considered "employers" under the FLSA. *Lambert v. Ackerley*, 187 F.3d 997, 1012 (9th Cir. 1999). While there is reason to doubt whether the economic realities test the Ninth Circuit applied in *Lambert* controls a retaliation claim under 29 U.S.C. § 215(a)(3),[7] there is at least a disputed issue of fact regarding whether Lewis, as the CEO of Ga-Du and a member of ESSI's Board of Directors, exercised control over the nature and structure of the employment relationship or had economic control over the relationship such that he is an "employer" under the FLSA. Lewis negotiated the terms of plaintiff's Employment Agreement, was plaintiff's direct supervisor for at least some portion of her employment, had the authority to refuse payment of her wages, and was able to influence her relationship with other ESSI executives so as to constructively discharge her. Lewis is not entitled to judgment as a matter of

---

[6] Plaintiff has been aware of this defect in her pleading since at least December 2019 when Lewis raised the issue in a motion for reconsideration. *See* Dkt. # 61.

[7] Other subsections of 29 U.S.C. § 215 require a showing that the defendant qualifies as an employer by incorporating provisions of the FLSA that apply only to employers. *See* 29 U.S.C. § 215(a)(2); *Boucher v. Shaw*, 572 F.3d 1087, 1090-91 (9th Cir. 2009).

ORDER REGARDING PERSONAL LIABILITY - 8

law regarding whether he was plaintiff's "employer" in these circumstances.

Lewis also argues that there is no evidence that he engaged in any retaliatory acts. The Court disagrees. Even if the Court assumes that threatening a counterclaim is not sufficiently related to the employment relationship to be considered retaliatory under the FLSA, a reasonable jury could conclude that refusing to communicate or engage with a subordinate, advising others to limit contact with her and/or to revoke work authorizations, and making it impossible for her to perform her job because she filed a complaint regarding the failure to pay wages is retaliatory.

## Conclusion

For all of the foregoing reasons, plaintiff's motion for summary judgment as to the personal liability of Rountree and Lewis under the WRA is GRANTED. Defendants Rountree and Lewis are jointly and severally liable (along with ESSI and its wholly-owned subsidiary Ga-Du) for $240,000 in unpaid wages, another $240,000 in exemplary damages, attorney's fees, and prejudgment interest. Defendants' cross-motion regarding personal liability under the WRA is DENIED. Lewis' motion for summary judgment regarding his personal liability for retaliation is GRANTED as to the state law claim and DENIED as to the federal claim.

Dated this 13th day of May, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING PERSONAL LIABILITY - 9