HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WENDY MAGUIRE, an individual,<br><br>              Plaintiff,<br><br>      v.<br><br>ECO SCIENCE SOLUTIONS, INC., a Nevada corporation; GA-DU CORPORATION, a Nevada corporation, and MICHAEL ROUNTREE, an individual; L. JOHN LEWIS, an individual; DON TAYLOR, an individual; JEFFERY TAYLOR; an individual; and JOHN DOE, #1-5, individuals,<br><br>              Defendants. | NO. 2:18-CV-01301-RSL<br><br>PLAINTIFF'S MOTION FOR ENTRY OF FINAL PARTIAL JUDGMENT OR FOR VOLUNTARY DISMISSAL OF REMAINING CLAIMS AND ENTRY OF FINAL JUDGMENT<br><br>**NOTE ON MOTION CALENDAR: JULY 3, 2020** |

## I.      REQUESTED RELIEF

On May 13, 2020, this Court granted partial summary judgment in favor of Mrs. Maguire, holding that the corporate officers of Eco Science Solutions, Inc. ("ESSI") and Ga-Du Corporation ("Ga-Du"), Mr. L. John Lewis and Mr. Michael Rountree, were personally liable for the $480,000 in contract and exemplary damages, plus attorneys' fees and prejudgment interest, owed to Mrs. Maguire.  Shortly thereafter, Defendants cut all communication with Plaintiff regarding this case.  Despite repeated attempts to contact Defendants, Plaintiff's undersigned counsel has been unable to solicit any type of response.  This sudden lapse in communication

PLAINTIFF'S MOTION FOR ENTRY OF FINAL
PARTIAL JUDGMENT OR FOR VOLUNTARY
DISMISSAL OF REMAINING CLAIMS AND ENTRY OF
FINAL JUDGMENT - 1
{04020662.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

gives Plaintiff great reason for concern.  With over $480,000 awarded in her favor, Mrs. Maguire fears that Defendants have gone into hiding with the purpose of avoiding this judgment against them.  With the likelihood that her civil trial may not be reset until 2021, Mrs. Maguire respectfully requests that judgment be entered on this $480,000 portion of her claim against these Defendants as soon as practicable, so that she may begin to use post-judgment proceedings to adequately identify and preserve assets that may be available to satisfy this judgment.

However, Mrs. Maguire still has a few remaining claims in this case that preclude entry of a full, final judgment in this matter.  Accordingly, Mrs. Maguire seeks this Court's relief in one of two regards: that this Court either (1) enter partial final judgment against Defendants, pursuant to Fed. R. Civ. P. 54(b), on the claims upon which she has already prevailed and reset trial in 2021 for her remaining claims; or (2) allow Mrs. Maguire to voluntarily withdraw her remaining claims, pursuant to Fed. R. Civ. P. 15(a), so that a full final judgment may be entered in this case.  While Mrs. Maguire would prefer not to withdraw her remaining meritorious claims, she also cannot risk further delay to entering judgment against these liable Defendants. Mrs. Maguire, therefore, respectfully requests this immediate, aforementioned relief.

## II.    STATEMENT OF RELEVANT FACTS

On March 14, 2019, Mrs. Maguire filed a Motion for Partial Summary Judgment ("Motion") to recover the $240,000 in wages owed under her June 2017 Employment Agreement with Defendants ESSI and Ga-Du, and to recover exemplary damages, attorneys' fees, and prejudgment interest, pursuant to Washington's wage protection statutes, RCW 49.52.050, .070, and RCW 49.48.010, .030.[1]  On August 22, 2019, this Court entered its Order granting Mrs. Maguire's Motion in part.  The Court held that Mrs. Maguire was entitled to recover her two-year contract amount of $240,000, exemplary damages of $240,000, and her reasonable attorneys' fees and costs and prejudgment interest.  However, the Court denied Mrs. Maguire's

---

[1] Dkt. # 13.

PLAINTIFF'S MOTION FOR ENTRY OF FINAL PARTIAL
JUDGMENT OR FOR VOLUNTARY DISMISSAL OF
REMAINING CLAIMS AND ENTRY OF FINAL
JUDGMENT - 2
{04020662.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700    fax 206 587 2308

1  relief in part, holding that a question of fact existed as to whether Mrs. Maguire owed

2  Defendants a duty to mitigate her contract damages for $240,000, and declining to impose

3  personal liability against Defendants Rountree and Lewis personally.[2]  Mrs. Maguire moved this

4  Court for entry of partial judgment against the Defendants under Fed. R. Civ. P. 54(b), but the

5  Court denied her request, explaining that these unresolved issues regarding Defendants'

6  mitigation defense and personal liability precluded the entry of judgment that Mrs. Maguire

7  sought.[3]

8         Following a period of additional discovery, Plaintiff renewed her request for summary

9  judgment on the issues of Defendants' failure to mitigate affirmative defense and Defendants

10 Rountree's and Lewis's personal liability.  On April 15 and May 13, 2020, this Court entered

11 two additional Orders, concluding that Defendants' "failure to mitigate" defense did ***not*** apply to

12 the $480,000 in contract wages and exemplary damages owed to Mrs. Maguire, and holding that

13 Defendants Rountree and Lewis were personally liable for these wages, exemplary damages,

14 attorneys' fees, and prejudgment interest under RCW 49.52.070.[4]

15        As a result of these Orders, only a few issues/claims remain for adjudication at trial: (1)

16 the value of Mrs. Maguire's consequential contract damages to be imposed as additional

17 damages against Defendants ESSI and Ga-Du for breach of the Employment Agreement; (2)

18 Mrs. Maguire's claim against Defendant Lewis for unlawful retaliation;  and (3) Mrs. Maguire's

19 claims against Defendants Jeff Taylor, Don Taylor, and John Does #1-5 for their own personal

20 liability as officers of ESSI and Ga-Du (although these individuals have not yet been served in

21 this case).[5]  Defendants have not alleged any counterclaims.  Thus, with the Defendants' liability

22

23  [2] *See* Dkt. # 32.
     [3] *See* Dkt. # 85.
24  [4] *See* Dkt. ## 86 and 91.
     [5] *See* Plaintiff's First Amended Complaint, Dkt. # 54.  Mrs. Maguire also alleged an alternative claim for relief for
25  unjust enrichment, in the event that her Employment Agreement were unenforceable.  However, in light of the
     Court's ruling that Mrs. Maguire is entitled to her contract salary, this alternative relief claim has been resolved as
26  well.  Similarly, Mrs. Maguire alleged a claim for fraudulent inducement against Defendants, in the event the Court
     concluded her salary had been indefinitely deferred under the Agreement; accordingly, this claim is also resolved by
     the Court's ruling that she is entitled to receive her contracted-for wages.

PLAINTIFF'S MOTION FOR ENTRY OF FINAL PARTIAL
JUDGMENT OR FOR VOLUNTARY DISMISSAL OF
REMAINING CLAIMS AND ENTRY OF FINAL
JUDGMENT - 3
{04020662.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

under the Employment Agreement determined as a matter of law, the lion's share of Mrs. Maguire's claims have already been resolved.

Unfortunately, as stated above, undersigned counsel has been unable to move this case forward, as Mr. Rountree and Mr. Lewis (who are listed as the designated representatives for Ga-Du and ESSI) have discontinued any further correspondence following the Court's most recent rulings.[6]  Despite several attempts to contact these parties, Defendants have gone silent and will not respond to Plaintiff's attempt to reset trial or negotiate Mrs. Maguire's remaining claims.[7] This sudden lack of responsiveness gives Plaintiff great concern about whether Defendants may be attempting to avoid the consequences of this recent ruling.  Accordingly, Mrs. Maguire seeks to have a judgment entered as to her $480,000 claim, plus prejudgment interest, entered as soon as practicable.

### III.    ISSUE

A.    **Should the Court should enter final partial judgment under Rule 54(b) for the total amount of damages awarded to Mrs. Maguire consistent with the Court's summary judgment Orders where there is no justification for delaying Mrs. Maguire's relief on these claims?**

B.    **To the extent this Court denies Mrs. Maguire's Rule 54(b) request, should this Court allow Mrs. Maguire to voluntarily dismiss her remaining claims against the Defendants so that final judgment may nonetheless be entered against the liable Defendants?**

### IV.    EVIDENCE RELIED UPON

Plaintiff relies upon the Declaration of Rochelle Nelson, with Exhibit A thereto, and the files and pleadings herein.

---

[6] *See* Declaration of Rochelle Nelson in Support of Status Report, Dkt. # 93 at ¶¶ 2-4 with Ex. A thereto.
[7] *See id.*

PLAINTIFF'S MOTION FOR ENTRY OF FINAL PARTIAL JUDGMENT OR FOR VOLUNTARY DISMISSAL OF REMAINING CLAIMS AND ENTRY OF FINAL JUDGMENT - 4
{04020662.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

# V.    ANALYSIS AND ARGUMENT

A. **Partial final judgment should be under Fed. R. Civ. P. 54(b) as Mrs. Maguire has already prevailed on the majority of her claims against Defendants and the outstanding issues previously precluding entry of judgment have been resolved.**

Fed. R. Civ. P. 54(b) provides that, where an action presents more than one claim for relief or where multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In August 2019, the Court granted summary judgment in Plaintiff's favor, expressly recognizing Defendant ESSI's and Ga-Du's liability to Plaintiff for her wages, exemplary damages, attorneys' fees, and prejudgment interest. When Mrs. Maguire first sought to have this summary judgment decision entered as a final partial judgment against all Defendants, this Court declined, due to unresolved issues identified in the August 2019 decision. Those issues have since been resolved by the Court's April 15 and May 13, 2020 Orders. Accordingly, the bulk of Mrs. Maguire's breach of contract and wage claims against Defendants have already been resolved in her favor; there are no additional issues of fact remaining as to these discrete claims. Mrs. Maguire's other remaining claims involve distinct questions for the jury to resolve involving Mr. Lewis's liability for unlawful retaliation and the mere damages calculation for Mrs. Maguire's remaining portion of her breach of contract claim. These issues can be separately adjudicated at trial and there is no just reason for delaying her relief as to the salary payments Defendants have owed Mrs. Maguire for nearly three years.

B. **In the alternative, Fed. R. Civ. P. 15(a) allows Mrs. Maguire to voluntarily withdraw some of her claims against the Defendants so that final judgment may be entered against Defendants.**

To the extent the Court denies Mrs. Maguire's request to enter partial final judgment, Mrs. Maguire respectfully requests leave to voluntarily withdraw her remaining claims without prejudice so that a full, final judgment may be entered.

PLAINTIFF'S MOTION FOR ENTRY OF FINAL PARTIAL JUDGMENT OR FOR VOLUNTARY DISMISSAL OF REMAINING CLAIMS AND ENTRY OF FINAL JUDGMENT - 5

{04020662.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

While Plaintiff loathes to withdraw her meritorious claims against these and other available defendants, there is especial urgency in entering this judgment.  Plaintiff has lost contact with Defendants since this Court's entry of its May 13, 2020 order.  Despite multiple emails requesting a response, the Defendants simply refuse to respond to any further correspondence and have gone silent.  The longer Mrs. Maguire waits to execute on this judgment, the greater the risk that she may be ultimately unable to recover the wages owed to her.  Unfortunately, Mrs. Maguire has exhausted her options to cooperatively resolve this matter with the Defendants, and Mrs. Maguire now requires a judgment in order to finally recover what is contractually and statutorily owed to her.  In light of the Defendants' recent lapse in communication, and the likelihood that COVID-19 scheduling complications are likely to push her civil trial until the middle of 2021, Mrs. Maguire cannot further risk waiting for her relief on these claims.

Therefore, Mrs. Maguire alternatively seeks this Court's leave to amend her complaint to voluntarily withdraw or remove these claims so that a final judgment may be entered.  Fed. R. Civ. P. 15(a) allows plaintiffs to so amend any time before trial and provides that such amendments should be freely granted when justice so requires.[8]  Mrs. Maguire's request to withdraw her remaining claims will not prejudice Defendants in any regard.  She makes this request only as a means of expediting the entry of final judgment as to her claim for $480,000 in contract and exemplary damages, attorneys' fees, and prejudgment interest, that has already been awarded to her by this Court.

---

[8] *See* Fed. R. Civ. P. 15(a)(2).  To clarify, under Fed. R. Civ. P. 41(a)(2), the plaintiff may voluntarily withdraw her entire action by court order, on terms that the court considers proper.  However, Rule 41 only applies to the withdrawal of the entire action, rather than the withdrawal of only certain claims.  *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (2004).  Accordingly, Mrs. Maguire seeks leave pursuant to Fed. R. Civ. P. 15(a) to voluntarily withdraw these claims without prejudice.

PLAINTIFF'S MOTION FOR ENTRY OF FINAL PARTIAL JUDGMENT OR FOR VOLUNTARY DISMISSAL OF REMAINING CLAIMS AND ENTRY OF FINAL JUDGMENT - 6
{04020662.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

**C.      Judgment should be entered for $480,000, plus attorneys' fees and prejudgment interest, against Defendants ESSI, Ga-Du, Lewis, and Rountree jointly and severally, consistent with this Court's summary judgment Orders**.

According to this Court's August 22, 2019 and April 15, 2020 Orders, Mrs. Maguire is entitled to receive $240,000 in wages, $240,000 in exemplary damages, her reasonable costs and attorneys' fees, and prejudgment interest of 12% on the compensatory portion of her wage claim.[9]  As a matter of law, Defendants ESSI, Ga-Du, Lewis, and Rountree are each jointly and severally liable for this amount.[10]  Because Mrs. Maguire is willing to either enter this amount as a partial final partial judgment, or voluntarily withdraw all her remaining claims, there is no justification for delaying entry of judgment of these undisputed monetary amounts.

With respect to Plaintiff's award for attorneys' fees and costs, Fed. R. Civ. P. 54(d) allows this Court to enter as a final judgment Mrs. Maguire's attorneys' fees, which were granted pursuant to the Court's Orders.  Within 14 days of the entry of judgment, Mrs. Maguire will submit a fee petition for attorneys' fees and costs, so that this award of fees and costs may be separately entered as part of the final judgment.

Finally, attached as Exhibit A to the Declaration of Rochelle Nelson is a breakdown calculation of the 12% prejudgment interest that has accrued on Mrs. Maguire's $240,000 compensatory portion of her wage claim.  The total cost for prejudgment interest on the salary payments, through July 6, 2020 (the next regularly scheduled court date following the hearing date of this Motion) is $59,311.87.  Additional prejudgment interest will continue to accrue on Mrs. Maguire's $240,000 compensatory portion of the award at a daily rate of $78.90.[11]

## VI.      CONCLUSION

For the foregoing reasons, Mrs. Maguires moves this Court to enter judgment against the Defendants consistent with its earlier rulings.  She has waited many years to finally receive the

---

[9] *See* Dkt. ## 32 and 86.
[10] Dkt. # 91.
[11] See Ex. A to Nelson Decl.

PLAINTIFF'S MOTION FOR ENTRY OF FINAL PARTIAL JUDGMENT OR FOR VOLUNTARY DISMISSAL OF REMAINING CLAIMS AND ENTRY OF FINAL JUDGMENT - 7

{04020662.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

salary owed to her under her Employment Agreement and cannot afford the risks associated with awaiting trial for entry of judgment on her claims.  Plaintiff respectfully requests that partial judgment be entered, or in the alternative, that her remaining claims be dismissed so that a full, final judgment may be entered.  Any such judgment should be entered against Defendants ESSI, Ga-Du, Lewis, and Rountree jointly and severally, in Mrs. Wendy Maguire's favor for the total sum of $480,000, plus $59,311.87 in prejudgment interest, and her reasonable costs and attorneys' fees, which may be entered separately following Plaintiff's Petition for Attorneys' Fees and Costs.

DATED this 18th day of June, 2020.

CAIRNCROSS & HEMPELMANN, P.S.


 s/Rochelle Y. Nelson
Alan D. Schuchman, WSBA No. 45979
E-mail:  aschuchman@cairncross.com
Rochelle Y. Nelson, WSBA No. 48175
E-mail:  rnelson@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA  98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
Attorneys for Plaintiff Wendy Maguire

PLAINTIFF'S MOTION FOR ENTRY OF FINAL PARTIAL JUDGMENT OR FOR VOLUNTARY DISMISSAL OF REMAINING CLAIMS AND ENTRY OF FINAL JUDGMENT - 8
{04020662.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**<u>Certificate of Service</u>**

I, Kelsey M. Doyle, certify under penalty of perjury of the laws of the State of

Washington that on June 18, 2020, I electronically filed this document entitled PLAINTIFF'S

MOTION FOR ENTRY OF FINAL PARTIAL JUDGMENT OR FOR VOLUNTARY

DISMISSAL OF REMAINING CLAIMS AND ENTRY OF FINAL JUDGMENT using the

CM/ECF system which will send notification of such filing to all attorneys of record.  In

addition, I sent a copy via E-mail and U.S. Mail to:

> Eco Science Solutions, Inc.
> 1135 Makawao Ave. #103
> Makawao, HI 96768
> Mike.Rountree@ecossi.com
>
> Ga-Du Corporation
> 5445 South Highland Dr., Suite A
> Salt Lake City, UT 84117
> JohnLewis.law@gmail.com
>
> L. John Lewis
> Attorney at Law
> 5445 South Highland Dr., Suite A
> Salt Lake City, UT 84117
> JohnLewis.law@gmail.com
>
> Michael Rountree
> Rountree Consulting Inc.
> 300 S. El Camino Real, Ste. 206
> San Clemente, CA 92672
> mrountree@rountreeconsulting.com

DATED this 18th day of June, 2020, at Seattle, Washington.

>   s/Kelsey M. Doyle
> _____
> Kelsey M. Doyle, Paralegal
> CAIRNCROSS & HEMPELMANN, P.S.
> 524 Second Avenue, Suite 500
> Seattle, WA  98104-2323
> Telephone: (206) 254-4483
> Facsimile: (206) 587-2308
> E-mail: KDoyle@Cairncross.com

PLAINTIFF'S MOTION FOR ENTRY OF FINAL
PARTIAL JUDGMENT OR FOR VOLUNTARY
DISMISSAL OF REMAINING CLAIMS AND ENTRY OF
FINAL JUDGMENT - 10

{04020662.DOCX;3 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308