UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDY MAGUIRE,

    Plaintiff,

v.

ECO SCIENCE SOLUTIONS, INC., *et al.*,

    Defendants.

Cause No. C18-1301RSL

ORDER GRANTING IN PART MOTION FOR APPEAL BOND

This matter comes before the Court on "Plaintiff's Motion for Appeal Bond." Dkt. # 114. Federal Rule of Appellate Procedure 7 allows the district court to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The Ninth Circuit has determined "that the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees."*Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). The parties agree that, when determining whether a bond is appropriate, courts consider (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal. Dkt. # 114 at 6; Dkt. # 124 at 6.

Having reviewed the memoranda, declaration, and exhibits submitted by the parties and considering the relevant factors, plaintiff's motion for appeal bond is GRANTED in part. The relative risks and merits associated with the appeal favor requiring appellant to post an appeal

ORDER GRANTING IN PART
MOTION FOR APPEAL BOND - 1

bond. Plaintiff is not, however, entitled to a bond of $46,500. As noted above, where a statute defines an award of costs to include attorney's fees, the assumption is that a rule's reference to "costs" is "intended to refer to all costs properly awardable under the relevant substantive statute or other authority," including fees. *Marek v. Chesny*, 473 U.S. 1, 9 (1985). Where, however, the statute underlying plaintiff's cause of action "explicitly distinguishes attorneys' fees from awardable 'costs,'" by using, for example, language authorizing an award of "costs of the action *together with* reasonable attorneys fees," a district court abuses its discretion by including appellate attorney's fees in the cost bond. *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333-35 (11th Cir. 2002) (emphasis added). The applicable fee-shifting statute in this case does not define "costs" to include attorney's fees, instead making an employer or an officer, vice principal, or agent of the employer liable for "costs of suit *and* a reasonable sum of attorney's fees." RCW 49.52.070 (emphasis added). Plaintiff's request for an appeal bond is therefore granted only as to the non-fee amount of $1,500. Dkt. # 115 at ¶ 9.

For all of the foregoing reasons, the Court finds that an appeal bond in the amount of $1,500 is reasonable and necessary to secure plaintiff's costs on appeal. Appellant Rountree shall, within fourteen days of the date of this Order, post a bond or provide some other equal form of security in the amount of $1,500 for the benefit of plaintiff.

Dated this 25th day of January, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
MOTION FOR APPEAL BOND - 2